

LOUIS P. DELL, ESQ. (SBN 164830)
LAW OFFICE OF LOUIS P. DELL
715 South Victory Blvd.
Burbank, CA 91502
(818) 478-2822 (Office)
(818) 436-5966 (Fax)
e-mail: ldell@louisdell.com

Attorney for Plaintiff,
BILLY TU

## IN THE UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

**CV12-09456 JC4**

BILLY TU,

        Plaintiff,

   vs.

CAMINO REAL CHEVROLET,

WESTLAKE SERVICES, LLC,

and DOES 1 to 10,

        Defendants.

CASE NO.

**COMPLAINT FOR DAMAGES and
DEMAND FOR JURY TRIAL**

Plaintiff, BILLY TU, alleges:

## INTRODUCTION

1.    This is an action for damages, attorney fees and costs brought pursuant to the Fair Debt Collection Practices Act (FDCPA) [15 U.S.C. § 1692, *et seq.*] which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2.    The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors" in addition to ensuring that "those debt collectors who refrain from abusive practices are not competitively disadvantaged." 15 U.S.C. 1692(e). Non-compliance with the regulations will subject the debt collector to liability. 15

1  U.S.C. § 1692k.

2      3.    This action further sets forth pendent state claims, including but not

3  limited to, the Rosenthal Fair Debt collection Practices Act [Cal. Civ. Code §1788 *et.*

4  *seq.*].  The Rosenthal Act was enacted in 1976 to ensure the integrity of our banking

5  and credit industry [Cal. Civil Code 1788.1(a)(I)].  The California Legislature has

6  found that "unfair or deceptive debt collection practices undermine the public

7  confidence which is essential to the continued functioning of the banking and credit

8  system and sound extensions of credit to consumers."

9  **JURISDICTION**

10      4.    This court has jurisdiction under the provisions of FDCPA, 15 U.S.C. §

11  1692k(d), and pendent jurisdiction over any state law claims asserted herein.

12  **PARTIES**

13      5.    Plaintiff, BILLY TU, is a resident of Los Angeles County, California.

14      6.    Defendant, CAMINO REAL CHEVROLET ("Camino Real"), is a

15  California corporation with its principle place of business in Monterey Park,

16  California, County of Los Angeles.

17      a.    This defendant is a debt collector within the definition of Title 15,

18  United States Code, § 1692a(6):

19      (1)    As a debt collector, this defendant's business is the

20  collection of any debts, or is one which regularly collects or attempts to collect,

21  directly or indirectly, debts owed or due or asserted to be owed or due another.

22      (2)    This defendant further uses any instrumentality of interstate

23  commerce or the mails in any business the principal purpose of which is the

24  enforcement of security interests.

25      b.    This defendant is also a debt collector within the definition Cal.

26  Civ. Code § 1788.2(c) which provides:  The term "debt collector" means any person

27  who, in the ordinary course of business, regularly, on behalf of himself or herself or

28  others, engages in debt collection. The term includes any person who composes and

-2-

1  sells, or offers to compose and sell, forms, letters, and other collection media used or

2  intended to be used for debt collection, but does not include an attorney or counselor

3  at law.

4         7.     Defendant, WESTLAKE SERVICES, LLC, dba WESTLAKE

5  FINANCIAL SERVICES ("WFS"), is a California corporation with its principle

6  place of business in Los Angeles, California, County of Los Angeles.  This defendant

7  is a debt collector within the definition of Title 15, United States Code, § 1692a(6).

8         a.     This defendant is a debt collector within the definition of Title 15,

9  United States Code, § 1692a(6):

10           (1)    As a debt collector, this defendant's business is the

11  collection of any debts, or is one which regularly collects or attempts to collect,

12  directly or indirectly, debts owed or due or asserted to be owed or due another.

13           (2)    This defendant further uses any instrumentality of interstate

14  commerce or the mails in any business the principal purpose of which is the

15  enforcement of security interests.

16         b.     This defendant is also a debt collector within the definition Cal.

17  Civ. Code § 1788.2(c) which provides:  The term "debt collector" means any person

18  who, in the ordinary course of business, regularly, on behalf of himself or herself or

19  others, engages in debt collection. The term includes any person who composes and

20  sells, or offers to compose and sell, forms, letters, and other collection media used or

21  intended to be used for debt collection, but does not include an attorney or counselor

22  at law.

23         8.     Plaintiff is ignorant of the true names and capacities of defendants sued

24  herein as DOES 1 to 10, inclusive, and therefore sues these defendants by such

25  fictitious names.  Plaintiff will amend this complaint to allege their true names and

26  capacities when ascertained.  Plaintiff is informed and believes and thereon alleges

27  that each of the fictitiously named defendants is responsible in some manner to

28  plaintiff as hereinafter alleged, and that plaintiff's damages as herein alleged were

**Complaint for Damages and Demand for Jury Trial**

1  proximately caused by their conduct.

2  **FACTUAL ALLEGATIONS**

3  9.  On January 21, 2012, plaintiff purchased a used 2004 BMW 3 Series
4  ("vehicle") from defendant Camino Real for $13,229.  A written retail installment
5  sale contract was entered into.  Within interest, the total sale price of $18,440.32.
6  The plaintiff paid a $4,000 downpayment. The amount financed was $9,229.38,
7  payable at the monthly rate of $300.84, commencing February 20, 2012.

8  10.  The contract provided Camino Real with a security interest in the vehicle
9  which permitted it to repossess the vehicle in accordance with the terms and
10  limitations set forth in the purchase agreement and California state law.  The contract
11  further provided that, if the vehicle was repossessed, the plaintiff had the right to
12  "reinstate" the vehicle by curing the default and paying any late charges.  The late
13  charges were not described nor was any method of determination set forth in the
14  contract.

15  11.  On or about March 1, 2012, plaintiff received a notice from defendant
16  WFS that the contract had been assigned to WFS and that all payments should be
17  made to it.

18  12.  The vehicle needed immediate maintenance and repairs.  Plaintiff ended
19  up incurring a total of $882.44 in such costs.

20  13.  On or about April 10, 2012, plaintiff received a written notification from
21  WFS stating that the amount due was $300.84, late charges due was $15.04, and the
22  balance due was $9,427.14.   Contrary to the written notice, plaintiff did not owe the
23  late charge and did not owe the balance due.

24  14.  On April 13, 2012, plaintiff made a cashier's check in the amount of
25  $603, payable to WFS.  Plaintiff tendered the check to defendant Camino Real who
26  would not accept it.  Plaintiff then tendered the check to defendant WFS who told
27  plaintiff that the would wait 48-hours to decide whether to accept the check.

28  15.  On or about April 25, 2012, plaintiff received a written notification from

-4-

1   WFS stating that the amount due was $601.68, late charges due was $15.04, and the

2   balance due was $9,517.50. Contrary to the written notice, plaintiff did not owe the

3   late charge and did not owe the balance due.

4       16.    Around that time WFS repossessed the vehicle.

5       17.    As previously stated, the written retail installment sale contract gives the

6   plaintiff the right to reinstate the contract by curing the default. In addition,

7   California state law gives the plaintiff the right to reinstate the contract by curing the

8   default.

9       18.    Cal. Civ. Code § 2983.3(b) provides in pertinent part:

10          If after default by the buyer, the seller or holder repossesses
            or voluntarily accepts surrender of the motor vehicle, any
11          person liable on the contract shall have a right to reinstate
            the contract and the seller or holder shall not accelerate the
12          maturity of any part or all of the contract prior to expiration
            of the right to reinstate.
13

14      19.    On or about May 9, 2012, after it had repossessed the vehicle, WFS

15  notified the plaintiff that it had "canceled" the assignment and that it had re-assigned

16  the contract to Camino Real.

17      20.    Plaintiff went to Camino Real and saw his vehicle sitting on the car lot

18  for retail sale.

19      21.    Cal. Civ. Code § 2983.1(a) provides in pertinent part:

20          . . . any provision in any conditional sale contract for the
            sale of a motor vehicle to the contrary notwithstanding, at
21          least 15 days' written notice of intent to dispose of a
            repossessed or surrendered motor vehicle shall be given to
22          all persons liable on the contract. The notice shall be
            personally served or shall be sent by certified mail, return
23          receipt requested, or first-class mail, postage prepaid,
            directed to the last known address of the persons liable on
24          the contract.

25      22.    WFS disposed of the vehicle by transferring it to Camino Real. WFS did

26  not provide notice to the plaintiff that it was disposing of the vehicle. WFS did not

27  comply at all with Cal. Civ. Code § 2983.1(a). Its May 9, 2012 notice was after the

28  fact of dispossession.

-5-

**Complaint for Damages and Demand for Jury Trial**

23. Plaintiff was advised verbally by both WFS and by Camino Real that no reinstatement of the loan on vehicle would be permitted. By their words, actions, and inactions, each defendant's refusal to permit plaintiff to reinstate the loan violated Cal. Civ. Code § 2983.3.

24. Under California law, *Cerra v. Blacksone* 172 Cal.App.3d 604, 609, a creditor who lawfully repossesses a vehicle but fails to give the owner the right to reinstate the vehicle has no present right to possession of the vehicle. The same holds true where a creditor sells the vehicle after unlawfully refusing the owner to reinstate by curing the loan and any late fees.

25. As a direct and proximate result of the above-described acts and omissions by defendant, the plaintiff suffered serious emotional distress, including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

26. As a further direct, and proximate result defendant's above-stated actions, the plaintiff has been permanently deprived of the vehicle and denied the right to reinstate the contract. Plaintiff is entitled to actual damages in an amount equal to the fair market value of the vehicle, and in any event no less than $13,229 which represents the vehicle contract price.

27. As a further direct and proximate result of the acts, omissions, and consequences thereof, the plaintiff has sustained statutory and actual damages including emotional distress and pecuniary loss. Plaintiff has suffered humiliation, emotional distress, embarrassment, pain and suffering, damages to his credit rating, the inability to obtain credit and/or inability to obtain credit at an interest rate or at terms he would have been able to obtain had defendant not so acted. He has abstained from applying for credit, and/or had adverse action taken on existing credit accounts and/or was denied credit.

28. Plaintiff is entitled to attorney fees and costs pursuant to 15 U.S.C. § 1692k, Cal. Civ. Code § 2983.4 and Cal. Civ. Code § 1788.30(c).

-6-

**Complaint for Damages and Demand for Jury Trial**

1

2

## FIRST CLAIM

3

(Federal and State FDCPA Claims)

4   29.   Plaintiff repeats and realleges the allegations of paragraphs 1 through 28

5   of this complaint.

6   30.   After the vehicle was repossessed, the plaintiff had the contractual and

7   legal right pursuant to Cal. Civ. Code § 2983.3(b) to reinstate the loan and to regain

8   possession of the vehicle.

9   31.   The plaintiff demanded the return of the vehicle and requested the right

10  to reinstate the loan.  However, WFS and Camino Real unlawfully refused to permit

11  him to reinstate the loan.

12  32.   A creditor who lawfully repossesses a vehicle but fails to give the owner

13  the right to reinstate the vehicle has no present right to possession of the vehicle.  The

14  same holds true where a creditor sells the vehicle after unlawfully refusing the owner

15  to reinstate by curing the loan and any late fees.

16  33.   By refusing to permit plaintiff to reinstate the loan Wells Fargo Bank

17  violated Cal. Civ. Code § 2983.3.

18  34.   The above actions constitute conversion even where possession by the

19  withholder was originally obtained lawfully and also where the creditor made an

20  unauthorized disposition of the vehicle.

21  35.   Since WFS disposed of the vehicle without providing the plaintiff with

22  the opportunity to reinstate the loan [Cal. Civ. Code § 2983.3(b)] or giving 15 days

23  advance notice [Cal. Civ. Code § 2983.1(a)], it therefore had no present right to

24  possession of it.  It violated FDCPA, 15 U.S.C. § 1692f(6), by taking or threatening

25  to take any nonjudicial action to effect dispossession or disablement of property

26  if—(A) there is no present right to possession of the property claimed as collateral

27  through an enforceable security interest; (B) there is no present intention to take

28  possession of the property; or (C) the property is exempt by law from such

-7-

1   dispossession or disablement.

2      36.    Similarly, since Camino Real threatened to dispose of the vehicle by

3   placing it for sale without providing the plaintiff with the opportunity to reinstate the

4   loan [Cal. Civ. Code § 2983.3(b)] or giving 15 days advance notice [Cal. Civ. Code §

5   2983.1(a)], it therefore had no present right to possession of it.  It violated FDCPA,

6   15 U.S.C. § 1692f(6), by taking or threatening to take any nonjudicial action to effect

7   dispossession or disablement of property if—(A) there is no present right to

8   possession of the property claimed as collateral through an enforceable security

9   interest; (B) there is no present intention to take possession of the property; or (C) the

10  property is exempt by law from such dispossession or disablement.

11     37.    By participating in this game of "hot potato" with the vehicle each of the

12  defendants also violated FDCPA, 15 U.S.C. § 1692e because such actions constitute

13  an express or implied threat to take action which cannot legally be taken (15 U.S.C. §

14  1692e(5)), the false representation or implication that a sale, referral, or other transfer

15  of any interest in a debt shall cause the consumer to lose any claim or defense to

16  payment of the debt (15 U.S.C. § 1692e(6)), and false representation or deceptive

17  means to collect or attempt to collect any debt (15 U.S.C. § 1692e(10)).

18     38.    WFS' and Camino Real's conduct are also covered by Cal. Civ. Code §

19  1788.17 which provides that every debt collector (as defined by Civ. Code §

20  1788.2(c)) collecting or attempting to collect a consumer debt shall comply with the

21  provisions of 15 U.S.C. §§ 1692b — 1692j, inclusive, of, and shall be subject to the

22  remedies in 15 U.S.C. § 1692k.

### SECOND CLAIM

(False Representation of Amount of Debt—April 10, 2012 Letter)

26     39.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 28

27  of this complaint.

**Complaint for Damages and Demand for Jury Trial**

40.     The April 10, 2012, letter sent to plaintiff by WFS stated false amounts due and false late charges.

41.     WFS violated 15 U.S.C. § 1692f(1) which provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." The statute further specifies that it is a violation to collect "any amount (including any interest, fee, charge, or expense authorized incidental to the principal obligation) unless such amount is expressly authorized by agreement creating the debt or permitted by law."

42.     WFS's conduct is also covered by Cal. Civ. Code § 1788.17 which provides that every debt collector (as defined by Civ. Code § 1788.2(c)) collecting or attempting to collect a consumer debt shall comply with the provisions of 15 U.S.C. §§ 1692b — 1692j, inclusive, of, and shall be subject to the remedies in 15 U.S.C. § 1692k.

## THIRD CLAIM

(Refusal to Accept Payment)

43.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 28 of this complaint.

44.     WFS' refusal to accept the plaintiff's cashier's check violated 15 U.S.C. § 1692f(1) which provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

45.     WFS's conduct is also covered by Cal. Civ. Code § 1788.17 which provides that every debt collector (as defined by Civ. Code § 1788.2(c)) collecting or attempting to collect a consumer debt shall comply with the provisions of 15 U.S.C. §§ 1692b — 1692j, inclusive, of, and shall be subject to the remedies in 15 U.S.C. § 1692k.

**Complaint for Damages and Demand for Jury Trial**

## FOURTH CLAIM

(False Representation of Amount of Debt—April 25, 2012 Letter)

46.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 28 of this complaint.

47.     The April 25, 2012, letter sent to plaintiff by WFS stated false amounts due and false late charges.

48.     WFS violated 15 U.S.C. § 1692f(1) which provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." The statute further specifies that it is a violation to collect "any amount (including any interest, fee, charge, or expense authorized incidental to the principal obligation) unless such amount is expressly authorized by agreement creating the debt or permitted by law."

49.     WFS's conduct is also covered by Cal. Civ. Code § 1788.17 which provides that every debt collector (as defined by Civ. Code § 1788.2(c)) collecting or attempting to collect a consumer debt shall comply with the provisions of 15 U.S.C. §§ 1692b — 1692j, inclusive, of, and shall be subject to the remedies in 15 U.S.C. § 1692k.

## FIFTH CLAIM

(Violation of Cal. Civ. Code § 2983.3)

50.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 28 of this complaint.

51.     This action is subject to the Rees-Levering Motor Vehicle Sales and Finance Act, Cal. Civ. Code § 2981, *et. seq.*

52.     After the vehicle was repossessed, the plaintiff had the contractual and legal right to reinstate the loan and to regain possession of the vehicle.

53.     WFS and Camino Real violated Cal. Civ. Code § 2983.3 when each refused to permit the plaintiff to reinstate the loan on the vehicle.

**Complaint for Damages and Demand for Jury Trial**

54.   The violation of law was willful.

55.   Plaintiff seeks a declaration that WFS Camino Real willfully violated Cal. Civ. Code § 2983.3 law when each refused to permit the plaintiff to reinstate the loan on the vehicle.

56.   Plaintiff is entitled to statutory damages under Cal. Civ. Code § 2984 as against WFS and Camino Real.  Pursuant to the Rees-Levering Act, any amount improperly collected by the holder (WFS and Camino Real) from the buyer (Plaintiff) shall be credited against the indebtedness evidenced by the contract or returned to the buyer.  In this case, WFS and Camino Real improperly collected $4,000 from the plaintiff in the sale of her vehicle.

57.   In addition to damages reference and incorporated herein, as a direct, and proximate result defendant's above-stated actions, the plaintiff has been permanently deprived of the vehicle and denied the right to reinstate the contract.  Plaintiff is entitled to actual damages in an amount no less than $4,000.

### SIXTH CLAIM

(Conversion)

58.   Plaintiff repeats and realleges the allegations of paragraphs 1 through 28 of this complaint.

59.   After the vehicle was repossessed, the plaintiff had the contractual and legal right to reinstate the loan and to regain possession of the vehicle.

60.   WFS and Camino Real knowingly, intentionally, and willfully violated Cal. Civ. Code § 2983.3 law when it refused to permit the plaintiff to reinstate the loan on the vehicle.

61.   WFS and Camino Real's unjustified refusal to turn over possession of the vehicle to the plaintiff constitutes conversion.

62.   WFS and Camino Real's conduct was outrageous and intended to cause harm and emotional distress to the plaintiff.  It had full knowledge or knew with

substantial certainty of the extreme emotional and psychological distress, severe hardships, and anguish that it's conduct would cause plaintiff or any person of ordinary sensitivity.

63.     As a direct, and proximate result defendant's above-stated actions, the plaintiff has been permanently deprived of her vehicle and denied the right to reinstate the contract.  Plaintiff is entitled to actual damages in an amount equal to the fair market value of the vehicle, and in any event no less than $13,229 which represents the vehicle contract price.

64.     As a further, direct, and proximate result of the above-described acts and omissions by defendant, the plaintiff suffered serious emotional distress, including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

65.     As additional damages against defendants, plaintiffs allege that defendants were guilty of malice, fraud, oppression, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendants.

66.     An action for conversion is a remedy contemplated by the Rees-Levering Act in enforcing the statutory provisions therein.  Accordingly, plaintiff is entitled to attorney fees and costs pursuant to Cal. Civ. Code § 2983.4.

WHEREFORE, the plaintiff prays judgment in her favor against the defendants as follows:

FOR THE FIRST CLAIM:

As against WFS and Camino Real, jointly and severally:

1.     Actual damages sustained by the plaintiff in addition to damages of not less than $1,000, whichever is greater;

2.     Reasonable attorney fees;

3.     Costs of suit; and

4.     For such further relief as the court may deem just and equitable.

-12-

**Complaint for Damages and Demand for Jury Trial**

FOR THE SECOND CLAIM:

As against WFS:

1. Actual damages sustained by the plaintiff in addition to damages of not less than $1,000, whichever is greater;

2. Reasonable attorney fees;

3. Costs of suit; and

4. For such further relief as the court may deem just and equitable.

FOR THE THIRD CLAIM:

As against WFS:

1. Actual damages sustained by the plaintiff in addition to damages of not less than $1,000, whichever is greater;

2. Reasonable attorney fees;

3. Costs of suit; and

4. For such further relief as the court may deem just and equitable.

FOR THE FOURTH CLAIM:

As against WFS:

1. Actual damages sustained by the plaintiff in addition to damages of not less than $1,000, whichever is greater;

2. Reasonable attorney fees;

3. Costs of suit; and

4. For such further relief as the court may deem just and equitable.

FOR THE FIFTH CLAIM:

As against WFS and Camino Real, jointly and severally:

1. A declaration that WFS and Camino Real violated Cal. Civ. Code § 2983.3 by each defendant's refusal to permit the plaintiff to reinstate the loan on the vehicle;

2. Statutory damages under Cal. Civ. Code § 2984 in the amount of $4,000 from the plaintiff;

-13-

**Complaint for Damages and Demand for Jury Trial**

3.   Actual damages sustained by the plaintiff in addition to damages of not less than $13,229, whichever is greater;

4.   Reasonable attorney fees pursuant to Cal. Civ. Code § 2983.4;

5.   For such further relief as the court may deem just and equitable.

FOR THE TWELFTH CLAIM:

As against WFS and Camino Real, jointly and severally:

1.   Actual damages sustained by the plaintiff or damages of not less than $13,229, whichever is greater;

2.   Punitive damages;

3.   Reasonable attorney fees pursuant to Cal. Civ. Code § 2983.4;

4.   For such further relief as the court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated:  November 5, 2012

LAW OFFICE OF LOUIS P. DELL

Louis P. Dell, Esq.
Attorney for Plaintiff
BILLY TU

-14-

Complaint for Damages and Demand for Jury Trial