**O**

**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BILLY TU, ) | CASE NO. CV 12-9456-ODW (MANx) |
| ) | |
| Plaintiff, ) | |
| ) | ORDER   GRANTING   DEFENDANTS' |
| vs. ) | MOTIONS   TO   DISMISS   [6]   AND |
| ) | JOINDER [8] |
| CAMINO REAL CHEVROLET, ) | |
| WESTLAKE SERVICES LLC, *et al.* ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Billy Tu ("Plaintiff") filed this action on November 5, 2012, alleging violation of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S. C. § 1692 et. seq.  Westlake Services, LLC, dba Westlake Financial Services ("Westlake") now moves to dismiss the action for lack of subject matter jurisdiction, arguing the sole federal question presented in the complaint–violation of the FDCPA–does not support federal jurisdiction. Specifically, Westlake argues it is not a "debt collector" governed by the statute.

Westlake is in the business of taking assignment of retail installment sales contracts from automobile dealers. (Mot. at 2.)  It then becomes the holder in due course of those contracts.  The automobile purchaser then makes the monthly payments directly to Westlake, which "engages in collection activities when a purchaser fails to make the contractually agreed to payments but only in its own name and only as to its own debt." (*Id.*)  Plaintiff was one such purchaser who fell in arrears on his payments.

The term "debt collector" includes

any person who uses any instrumentality of interstate commerce or the mails in any business the *principal purpose of which* is the collection of any debts, or who regularly collects ... debts ... due another.  [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own ....  For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the *principal purpose of which* is the enforcement of security interests.

15 U.S.C. § 1692a(6) (emphasis added).

Westlake argues it is principally in the business of "accepting assignments of installment sales contracts from automobile dealerships" and that, at all relevant times, it "was attempting to collect its own debt [under] its own name (Kerwin Declaration)." (Mot. at 4.)  Westlake contends this exempts it from the operation of this federal statute.

Plaintiff disagrees, arguing the "First [Claim] does not allege that Westlake was attempting to collect a debt owed to another or that it falls within the first part of the definition of "debt collector." (Opp'n at 4 ("[Rather,] Westlake . . . is alleged to be a debt collector 'for purposes of § 1692f(6)' since its principal business is the enforcement of security interests.").)  The Court disagrees.

Section 1692a(6) defines a "Debt Collector" to include any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.  As already noted, however, Westlake is primarily in the business of accepting installment sales contracts," and its "debt collection activities are ancillary to that primary business purpose." (Mot. at 6 (citation omitted).) *See, e.g.*, *Rowe v. Educ. Credit Mgm't Corp.*, 559 F.3d 1028, 1031 (9th Cir. 2009) (stating that "a 'creditor' is not a 'debt collector' under the FDCPA"); *Bever v. Cal-Western Reconveyance Corp.*, 2012 WL 2522563, *3 (E.D. Cal., June 28, 2012) ("Creditors collecting their own debts are generally not subject to the FDCPA."); *see also Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp.2d 1178, 1182 (D. Ariz. 2009) ("A 'creditor' includes 'any person . . . to whom a debt is owed,' unless the debt is transferred or assigned after default by the consumer solely for the purpose of facilitating collection on the original creditor's behalf. 15 U.S.C. § 1692a(4).").

2

1    Here, Plaintiff was not in default when Westlake was assigned the sales contract.

2    (*See* Compl. ¶¶ 13–15.) Nor does Plaintiff allege that the contract was assigned "solely for

3    the purpose of facilitating collection on the original creditor's behalf."  Suffice it to say,

4    the Court disagrees with Plaintiff that Westlake's "principal business is the enforcement

5    of security interest." (Opp'n at 4.)  Rather, Westlake's principal business appears limited

6    to financing, merely utilizing its "[ancillary] debt collection activities" when the need

7    arises. (Mot. at 6)  Accordingly, because Westlake is not a "debt collector" within the

8    meaning of the FDCPA, the Court lacks jurisdiction over this claim, and may not exercise

9    supplemental jurisdiction over the remaining state law causes of action.

10       **CONCLUSION**

11       Defendants' motion to dismiss for lack of subject matter jurisdiction is **GRANTED**.

12   Camino Real Chevrolet's motion for joinder in Westlake's motion is also **GRANTED**.

13       **SO ORDERED**

14   January 9, 2013

17                                 OTIS D. WRIGHT II
                                   UNITED STATES DISTRICT JUDGE

3